UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

LAWRENCE FELTZIN, Individually,

    Plaintiff,

vs.                                                     CASE NO.

MENSA II OCEAN HOTEL LLC, a Delaware
Limited Liability Company,

    Defendant.
_____/

## **COMPLAINT**
*(Injunctive Relief Demanded)*

Plaintiff, Lawrence Feltzin, Individually, on his behalf and on behalf of all other mobility-impaired individuals similarly-situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, MENSA II OCEAN HOTEL LLC, a Delaware Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA").

    1.    Plaintiff, Lawrence Feltzin, is an individual residing in Boynton Beach, FL, in the County of Palm Beach.

    2.    Defendant's property, Hutchinson Island Marriott, is located at 555 N. Ocean Dr., Stuart, FL 34996, in the County of Martin.

    3.    Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs.

    4.    The Defendant's property is located in and the Defendant does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. *See, also,* 28 U.S.C. § 2201 and § 2202.

6. Plaintiff Lawrence Feltzin, is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.

7. Plaintiff Lawrence Feltzin is a paraplegic and uses a wheelchair to ambulate.

8. Plaintiff Lawrence Feltzin regularly visits the Treasure Coast, including Palm City, Florida to visit friends, to enjoy the small town atmosphere, including the quaint restaurants, to shop and to observe the area's beautiful beaches.  He also goes to the Hutchinson Island Marriott and Stuart Riverwalk where he likes to shop and dine.

9. Mr. Feltzin stayed as a hotel guest at the subject hotel, which forms the basis of this lawsuit, on September 22 - 23, 2021.  Mr. Feltzin, does however, have a return reservation for June 15 – 16, 2022 at the subject hotel, to see if it has been made accessible, to avail himself of the goods and services at the property and to confirm the property is brought into compliance with the ADA.

10. Mr. Feltzin has encountered architectural barriers at the subject property.

11. The barriers to access at the subject property have endangered his safety.

12. Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and 36.104.

13. Defendant is responsible for complying with the obligations of the ADA.

14. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Hutchinson Island Marriott, and is located at 555 N. Ocean Dr., Stuart, FL 34996.

15. Lawrence Feltzin has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in this Complaint.

16. Plaintiff, Lawrence Feltzin has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

17. Lawrence Feltzin desires to visit Hutchinson Island Marriott, not only to avail himself of the goods and services available at the property, but to assure himself that the property is in compliance with the ADA so that he and others similarly-situated will have full and equal enjoyment of the property without fear of discrimination.

18. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182, *et seq*.

19. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, <u>inter alia</u>, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

20. A preliminary inspection of the subject hotel has shown that violations exist.

21. These violations that Lawrence Feltzin has personally encountered or observed include, but are not limited to:

**Parking and Exterior Accessible Route**

22. Marriott Hutchinson Island Beach Resort fails to provide a safe accessible route for those in wheelchairs at the Passenger Loading Zone.

23. The same is a violation of Section 503 of the 2010 Accessibility Standards.

24. This prevented Mr. Feltzin to unload freely and safely from his vehicle to check-in.

25. Marriott Hutchinson Island Beach Resort fails to provide adequate access aisles in all areas for accessible parking.

26. The same is a violation of Sections 402 and 406 of the 2010 Accessibility Standards.

27. Mr. Feltzin needs adequate space to unload from his vehicle.

28. The exterior accessible route throughout Marriott Hutchinson Island Beach Resort is impeded by improper ramps and cross slopes along the route.

29. The same is a violation of Sections 402, 404 and 405 of the 2010 Accessibility Standards.

30. Mr. Feltzin uses a manual chair and cross slopes and improper ramps impede his way of travel.

31. Marriott Hutchinson Island Beach Resort fails to provide the required amount of compliant accessible parking spaces.

32. The same is a violation of Section 502 of the 2010 Accessibility Standards.

33. The lack of accessible parking makes Mr. Feltzin park in open areas so he can unload freely and safely from his vehicle.

34. Plaintiff, Lawrence Feltzin as a guest of the Marriott Hutchinson Island Beach Resort was affected by abrupt changes of level and cross slopes within accessible spaces and by a

lack of a compliant accessible route from the main parking area for the lobby entrance.

35. The same is a violation of Sections 402 and 502 of the 2010 Accessibility Standards.

36. Mr. Feltzin requires adequate space to maneuver and a direct route is not provided.

37. Marriott Hutchinson Island Beach Resort fails to provide an accessible route to the adjacent street, sidewalk and or bus stop.

38. The same is a violation of Section 206.2.1 of the 2010 Accessibility Standards.

39. Mr. Feltzin could only leave the Marriott Hutchinson Island Beach Resort by personal vehicle due to the lack of route to exit the property.

**Access to Goods and Services**

40. Marriott Hutchinson Island Beach Resort fails to provide desks with adequate knee clearance.

41. The same is a violation of Section 306 of the 2010 Accessibility Standards.

42. This condition prevented Mr. Feltzin a comfortable approach to the desks.

43. Check in counter, phones and other elements throughout Marriott Hutchinson Island Beach Resort are mounted beyond the reach of Mr. Feltzin or impeded by goods.

44. The same is a violation of Section 308 of the 2010 Accessibility Standards.

45. Accessible dining tables are not provided for Mr. Feltzin or those in wheelchairs.

46. The same is a violation of Section 902 of the 2010 Accessibility Standards.

47. The accessible route from guestroom to guestroom is impeded by a lack of latch side clearance at the doors.

48. The same is a violation of Sections 402 and 404 of the 2010 Accessibility Standards.

49. Mr. Feltzin was impeded by a lack of accessibility along the golf course as he was strolling with friends.

50. This condition violates Sections 402 and 1006 of the 2010 Accessibility Standards.

**Hotel Guestrooms and Restrooms**

51. Restrooms provided in the guestrooms, lobby area and throughout the hotel are improperly designed.

52. This condition prevented Mr. Feltzin from using the restroom freely and safely.

53. The same is a violation of Section 601 of the 2010 Accessibility Standards.

54. Restrooms provided contain improper water closets, lack adequate maneuvering clearance and provide lavatories that lack knee clearance.

55. Mr. Feltzin was a guest in a guestroom that was designated accessible by hotel staff.

56. The roll-in shower provided in the accessible guestroom lacked the proper accessible elements.

57. The same is a violation of Sections 607 and 608 of the 2010 Accessibility Standards.

58. Mr. Feltzin was unable to shower comfortably due to inaccessible showers and tubs.

59. Desks in guestrooms fail to provide adequate knee clearance for those in wheelchairs.

60. This violates Section 306 of the 2010 Accessibility Standards.

61. Mr. Feltzin was unable to comfortably approach the desk in the guestroom.

62. Mr. Feltzin was unable to use doors within the guestroom and guestroom areas due

to a lack of latch side clearance.

63. The same is a violation of Section 404 of the 2010 Accessibility Standards.

64. Mr. Feltzin lacked adequate maneuvering space to access doors.

65. Marriott Hutchinson Island Beach Resort lacks accessible hardware and other essential elements are not accessibly compliant in the guestrooms and throughout the hotel.

66. The same is a violation of the 2010 Accessibility Standards.

**Lack of Complaint Disabled Rooms Properly Disbursed**

67. The subject hotel lacks the required number of complaint disabled rooms.

68. The disabled rooms are not dispersed amongst the various classes of guest rooms.

69. The same is a violation of Section 224.5 of the 2010 ADAAG.

**Maintenance**

70. The accessible features of the facility are not maintained

71. This creates barriers to access for the Plaintiff as set forth herein.

72. The same is a violation of 28 C.F.R. § 36.211.

73. All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines, and the 2010 ADA Standards for Accessible Design (ADAAG), as promulgated by the U.S. Department of Justice.

74. The discriminatory violations described in above in this complaint are not an exclusive list of the Defendant's ADA violations.

75. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

76. The Plaintiff, and all other individuals similarly-situated, have been denied access

to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

77. The individual Plaintiff, and all others similarly-situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

78. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

79. Defendant has discriminated against the individual by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181, *et seq*. and 28 C.F.R. 36.302 *et seq*.

80. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

81. Plaintiff is without adequate remedy at law and is suffering irreparable harm.

82. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

83. Furthermore, the public interest would not be disserved by a permanent injunction.

84. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505.

85. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 C.F.R. 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

86. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

87. All other conditions precedent have been met by Plaintiff or waived by the Defendant.

88. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Hutchinson Island Marriott to make those facilities readily accessible to and useable by the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as

the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

A.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*

B.    Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D.    The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features on an ongoing basis.

E.	Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

>Respectfully submitted,
>
>/s/Lawrence A. Fuller
>Lawrence A. Fuller, Esq.
>FL Bar No. 0180470
>Fuller, Fuller & Associates, P.A.
>12000 Biscayne Boulevard, Suite 502
>North Miami, FL   33181
>Telephone: (305) 891-5199
>Facsimile: (305) 893-9505
>lfuller@fullerfuller.com
>*Attorneys for Plaintiff*